**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALLIANCE DEFENDING FREEDOM )<br>15100 N. 90th Street )<br>Scottsdale, AZ 85260 )<br>       )<br>            Plaintiff, )<br>       )<br>v.      )<br>       )<br>INTERNAL REVENUE SERVICE, )<br>1111 Constitution Avenue, NW )<br>Washington, D.C. 20224 )<br>       )<br>            Defendant. )<br>_____ ) | Civil Action No. |

## COMPLAINT

Plaintiff Alliance Defending Freedom brings this action against Defendant Internal Revenue Service to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.  The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.  Plaintiff Alliance Defending Freedom is a not-for-profit organization incorporated under the laws of Arizona and headquartered at 15100 N. 90th Street, Scottsdale, Arizona 85260.

4.  Defendant Internal Revenue Service is an agency of the United States Government and is headquartered at 1111 Constitution Avenue, NW, Washington, D.C. 20224. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On July 22, 2014, Plaintiff sent a FOIA request to Defendant seeking access to the following:

> (1) All documents related to any existing, proposed, new, or adopted procedures for church tax inquiries or examinations from January 2009 to the present.
>
> (2) All documents related to proposed or adopted changes to Treasury Regulations §301.7611-1 from January 2009 to the present.
>
> (3) All documents related to new IRS policies or procedures referenced in FFRF's July 17, 2014 press release.

6. By letter dated August 28, 2014, Defendant acknowledged receiving Plaintiff's request on July 30, 2014 and assigned the request case number F14212-0101. Defendant also informed Plaintiff that Defendant had invoked a 10-day extension of time to process the request, as authorized by 5 U.S.C. § 552(a)(6)(B), and unilaterally granted itself an additional, unauthorized extension until September 29, 2014:

> Unfortunately, we will still be unable to locate and consider release of the requested records by September 11, 2014. We have extended the response date to September 29, 2014 when we believe we can provide a final response . . . You may file suit if you do not agree to an extension beyond the statutory period.

7. By letter dated September 29, 2014, Defendant asked for more time to obtain the records requested and informed Plaintiff that it would be in contact by November 28, 2014.

8. Plaintiff received another letter dated January 29, 2015 seeking more time: "On November 26, 2014 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to March 31, 2015. I will contact you by March 31, 2015 if I am still unable to complete your request."

9. As of the date of this complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; and/or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

10. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12. Defendant is unlawfully withholding records requested by Plaintiff under FOIA.

13. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiffs' FOIA request, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of

attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   April 9, 2015                                    Respectfully submitted,

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street, SW, Suite 800
Washington, DC 20024
(202) 646-5172

*Attorney for Plaintiff*
*Alliance Defending Freedom*