UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
ALLIANCE DEFENDING FREEDOM,    )
                               )
            Plaintiff,         )
                               )
     v.                        )    Civil Action No. 15-525 (EGS)
                               )
INTERNAL REVENUE SERVICE,      )
                               )
                               )
            Defendant.         )
_____)
```

**ORDER**

Pending before the Court is plaintiff Alliance Defending Freedom's ("ADF") motion to compel a full *Vaughn* Index and defendant Internal Revenue Service's ("IRS") cross-motion to permit a sample *Vaughn* Index. Upon consideration of both parties' motions, the responses and replies thereto, the applicable law, and the entire record, ADF's motion is **DENIED** and IRS's motion is **GRANTED**.

**I. Background**

Plaintiff ADF filed a Freedom of Information Act ("FOIA") request with Defendant IRS on July 22, 2014. Compl., ECF No. 1 ¶ 5. That request sought records pertaining to IRS's existing or proposed procedures for church tax inquiries, proposed or adopted changes to Treasury Regulations § 301.7611-1, and

1

policies or procedures referenced in the Freedom From Religious Foundation's ("FFRF") July 17, 2014 press release. ADF's Mem. Supp. Mot. To Compel Detailed *Vaughn* Index ("ADF's Mem. Supp."), ECF No. 16 at 3. After a series of letters from IRS indicating that it needed more time to process the request, ADF filed suit in this Court stating a cause of action under FOIA. Compl., ECF No. 1.

In July 2015, IRS began producing records on a monthly basis to ADF. ADF's Mem. Supp., ECF No. 16 at 3. To date, IRS has identified 16,416 pages of responsive records and produced approximately 3,524 pages in full to ADF. IRS's Mem. Supp. Cross-Mot. to Produce a Sample *Vaughn* Index ("IRS Mem. Supp."), ECF No. 17-1 at 3. IRS has produced an additional 2,042 pages containing redactions and withheld in full 10,850 pages of documents under FOIA exemption (b)(5).[1] *Id*.

In December 2015, the parties attempted to narrow the scope of ADF's *Vaughn* request. ADF initially proposed limiting the *Vaughn* Index to documents withheld in full from January 2010 forward under exemption (b)(5). Joint Status Report, ECF No. 13 at 2-3. IRS declined ADF's request, offering instead to provide a declaration that would address a representative sampling of

---

[1] FOIA exemption (b)(5) permits agencies to withhold from production inter- or intra-agency documents that would not be available in litigation. *Barouch v. U.S. Dep't of Justice*, 962 F. Supp. 2d 30, 42 (D.D.C. 2013).

2

500 pages withheld under exemption (b)(5). Letter from IRS to ADF (Jan. 29, 2016), ECF No. 16-4. ADF declined IRS's counterproposal. Letter from ADF to IRS (Feb. 9, 2016), ECF No. 16-5. After the parties informed the Court that they could not agree on the form of the *Vaughn* Index, the Court directed ADF to file a motion to compel. Minute Entry of March 8, 2016.

On April 8, 2016, ADF filed its motion for an order to compel IRS to produce a full *Vaughn* Index. ADF's Mem. Supp., ECF No. 16. In response, IRS filed a cross-motion for permission to file a sample *Vaughn* Index in lieu of a complete *Vaughn* Index. *See* IRS's Mem. Supp., ECF No. 17-1. Both motions are now ripe and ready for the Court's adjudication.

## II. Analysis

FOIA "places the burden on the agency to sustain the lawfulness of specific withholdings in litigation." *Nat. Res. Def. Council, Inc. v. Nuclear Regulatory Comm'n*, 216 F.3d 1180, 1190 (D.C. Cir. 2000). To satisfy this burden, the agency can file a *Vaughn* Index, which "indicates in some descriptive way which documents the agency is withholding and which FOIA exemptions it believes apply." *ACLU v. CIA*, 710 F.3d 422, 432 (D.C. Cir. 2013).[2] "[T]here is no fixed rule establishing what a

---

[2] The *Vaughn* Index is named for *Vaughn v. Rosen*, "which first established the process by which an agency may discharge its burden to justify withholding information under FOIA exemptions." *DiBacco v. U.S. Army*, 795 F.3d 178, 186 n.2 (D.C.

3

*Vaughn* Index must look like, and a district court has considerable latitude to determine its requisite form and detail in a particular case." *Id*. A sampling procedure is "an appropriate procedure to test an agency's FOIA exemption claims when a large number of documents are involved." *Bonner v. U.S. Dep't of State*, 928 F.2d 1148, 1151 (D.C. Cir. 1991) (citing *Meeropol v. Meese*, 790 F.2d 942, 958 (D.C. Cir. 1986); *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1490 (D.C. Cir. 1984)). "If the sample is well-chosen, a court can, with some confidence, extrapolate its conclusions from the representative sample to the larger group of withheld materials." *Id*. (quotation marks omitted). While agencies generally submit *Vaughn* indices in connection with a defendant's motion for summary judgment, a court may order a *Vaughn* Index prior to summary judgment. *See, e.g.*, *Competitive Enter. Inst. v. U.S. Envtl. Prot. Agency*, 12 F. Supp. 3d 100, 107 (D.D.C. 2014).

In its cross motion to permit a sample *Vaughn* Index, IRS explained that it is currently withholding approximately 2,042 pages of records in part and 10,850 pages in full under exemption (b)(5). IRS's Mem. Supp., ECF No. 17-1 at 3. Although there are cases where *Vaughn* indices have itemized thousands of withheld records, *see* ADF's Mem. Supp., ECF No. 16 at 10 (citing

---

Cir. 2015) (citing *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973)).

*Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 146-47 (D.D.C. 2006)), the Court is of the opinion that 10,850 fully-withheld pages is sufficiently voluminous to permit a sample *Vaughn* Index in lieu of a complete *Vaughn* Index. *See, e.g.*, *Competitive Enter. Inst.*, 12 F. Supp. 3d at 107-08, 111 (D.D.C. 2014) (permitting a random sample where agency fully withheld 1,416 documents); *Bonner*, 928 F.2d at 1149-51 (permitting sampling for 1,776 documents); *Dowd v. Calabrese*, 101 F.R.D. 427, 437 (D.D.C. 1984) (reasoning that the creation of a *Vaughn* Index for 15,000 withheld pages would be unduly burdensome).

IRS has proposed either a representative or random sampling technique as an alternative to a full *Vaughn* Index. IRS's Mem. Supp., ECF No. 17-1 at 3. It is undisputed that a trial judge "has discretion to choose which [sampling] method to use." *In re U.S. Dep't of Def.*, 848 F.2d 232, 238 (D.C. Cir. 1988). While each method has its unique advantages, representative sampling is usually appropriate where there are "broader classes of documents within the pool." *Id*. at 237. Here, the withheld documents, which primarily consist of draft guidance and discussions of such guidance, are categorically similar. IRS's Mem. Supp., ECF No. 17-1 at 6. Thus, the Court finds a random sampling technique to be most appropriate. A random sample also balances ADF's concern regarding the level of discretion IRS would exercise if the Court permitted a representative sample

with the Court's need to efficiently review the withheld material.

ADF also argues that a full *Vaughn* Index should be required because the subject-matter of the withheld documents implicate the public interest. ADF's Reply Mot., ECF No. 19 at 1-4. Specifically, ADF contends that the documents, which primarily concern church audit procedures, may shed light on whether IRS "violated federal law and evaded Congressional oversight by not making those procedures public." *Id*. at 3. By contrast, IRS argues that there "is nothing particularly unique about this case." IRS's Opp. Mot., ECF No. 17-1 at 8. While the nature of the underlying documents associated with a FOIA request is a factor the Court can consider in its analysis, it is not dispositive. *See, e.g.*, *Weisberg*, 645 F.2d at 1491 (denying production of a full *Vaughn* Index despite strong public interest in documents relating to the assassination of Dr. Martin Luther King, Jr.). Here, the Court finds that the voluminous nature of the withheld materials counsels in favor of permitting a sample *Vaughn* Index.

ADF further contends that a full *Vaughn* Index is "particularly important since the IRS claims to have withheld many records under the deliberative process privilege." ADF's Mem. Supp., ECF No. 16 at 11. However, the Court notes that IRS carries the burden of establishing its claimed exemptions

6

regardless of whether sampling is permitted. *See ACLU*, 710 F.3d at 427. So long as the justifications IRS provides in its sample Index for withholding documents and portions of documents are sufficiently specific and detailed, *see King v. U.S. Dep't of Justice*, 830 F.2d 210, 223-24 (D.C. Cir. 1987), both this Court and ADF will be well-situated to extrapolate conclusions from the random sample to the complete set of withheld and partially withheld documents. *See Bonner*, 928 F.2d at 1151. Accordingly, ADF will be afforded a meaningful and appropriate opportunity to scrutinize the claimed exemptions. To the extent that the entries in the sample *Vaughn* Index are not sufficiently specific and detailed to permit such extrapolation, the Court retains the authority to order the filing of an improved *Vaughn* Index. *See, e.g.*, *Campaign for Responsible Transplantation v. U.S. FDA*, 219 F. Supp. 2d 106, 116 (D.D.C. 2002).

Accordingly, consistent with its proposal, IRS will be permitted to Index a randomly-selected sample constituting 2% percent of the pages withheld in full under exemption (b)(5). *See* IRS's Mem. Supp. at 4. Such a sample size will be larger than in the leading cases in this Circuit. *See Meeropol*, 790 F.2d at 958 (1% sample size); *Weisberg*, 745 F.2d at 1490 (0.5% sample size). Given ADF's concerns about the clarity of the random sampling procedure, *see* ADF's Reply Mot., ECF No. 19 at

7

6, IRS shall disclose its sampling methodology to ADF with the production of its sample *Vaughn* Index.

### III. Conclusion

Accordingly, it is hereby **ORDERED** that ADF's motion for an order to compel a full *Vaughn* Index is **DENIED** and IRS's cross-motion to permit a sample *Vaughn* Index is **GRANTED**. It is **FURTHER ORDERED** that IRS's sample *Vaughn* Index shall be based on a **RANDOM** sample, such that it will include **EVERY FIFTIETH PAGE** of the documents fully-withheld under FOIA exemption (b)(5). And it is **FURTHER ORDERED** that IRS disclose its sampling methodology to ADF with the production of its sample *Vaughn* Index.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            December 22, 2016**