UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                            )
ALLIANCE DEFENDING FREEDOM, )
                            )
            Plaintiff,      )
                            )
            v.              ) Civil Action No. 15-525 (EGS)
                            )
INTERNAL REVENUE SERVICE,   )
                            )
            Defendant.      )
_____)

**<u>MEMORANDUM OPINION</u>**

Plaintiff Alliance Defending Freedom ("ADF") sued the Internal Revenue Service ("IRS") to obtain records under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Currently pending before the Court are both parties' motions for summary judgment. Upon consideration of the motions, the responses and replies thereto, the applicable law, and the entire record, the Court **GRANTS** the IRS's motion for summary judgment and **DENIES** ADF's cross-motion for summary judgment.

I.  **Background**

On July 22, 2014, ADF submitted a FOIA request to the IRS for the following records:

>   (1)  All documents related to any existing, proposed,
>        new, or adopted procedures for church tax
>        inquiries or examinations from January 2009 to
>        the present;

1

(2) All documents related to proposed or adopted changes to Treasury Regulations §301.7611-1 ("§ 7611 regulation") from January 2009 to the present; and

(3) All documents related to new IRS policies or procedures referenced in Freedom From Religion Foundation's ("FFRF") July 17, 2014 press release.

IRS's Statement of Undisputed Material Facts ("IRS SUMF") ¶ 1, ECF No. 25-2; ADF's Resp. to IRS SUMF and Statement of Undisputed Material Facts ("ADF SUMF") ¶ 1, ECF No. 26-2. The IRS acknowledged receipt of ADF's request on August 28, 2014. IRS SUMF ¶ 2; ADF SUMF ¶ 2. Between August 2014 and the initiation of the instant litigation, the IRS sent ADF a series of letters in which it asked for more time to respond to ADF's FOIA request. IRS SUMF ¶ 2; ADF SUMF ¶ 2. Having not received any substantive response from the IRS, ADF filed this suit on April 9, 2015, approximately eight months after it made its initial request. IRS SUMF ¶ 2; ADF SUMF ¶ 2.

Prior to ADF filing suit, the IRS had initiated its search for documents responsive to ADF's FOIA request. Specifically, the IRS searched the legal file created for the § 7611 regulation project, the file associated with the Notice of Proposed Rulemaking for the § 7611 regulation, the archive for the revision of the section of the Internal Revenue Manual related to church tax inquiries and examinations, and the files of custodians it determined could have responsive materials. IRS

SUMF ¶¶ 10-17; ADF SUMF ¶¶ 10-17. Through these searches, the IRS identified 16,439 pages of documents responsive to ADF's request. IRS's Mot. for Summ. J., Declaration of Brittany Harrison ¶ 12, ECF No. 25-4. Of those, the IRS withheld in full 10,672 pages and released, either in whole or in part, the remainder. *Id.* ADF subsequently moved to compel a detailed *Vaughn* index. *See* Mot. to Compel Detailed *Vaughn* Index, ECF No. 16. The Court denied that motion, permitting the IRS to instead produce a randomly-selected sample constituting two percent of the pages withheld in full. *See* Order Denying Motion to Compel Full *Vaughn* Index (Dec. 22, 2016), ECF No. 23.

The parties now both move for summary judgment. The IRS asserts that it is entitled to summary judgment because there is no genuine dispute of material fact as to whether (1) the agency conducted an adequate search for records, and (2) the documents withheld by the IRS fall under one of FOIA's exemptions from disclosure. IRS Mem. in Supp. of Mot. for Summ. J. at 2-3, ECF No. 25-1. In support of its motion, the IRS has submitted two declarations. The first declaration is from Scott A. Hovey, an attorney in the IRS's Office of Chief Counsel, Office of Division Counsel for Small Business/Self-Employed. IRS's Mot. for Summ. J., Declaration of Scott A. Hovey ¶ 1, ECF No. 25-3. Mr. Hovey was the attorney assigned to the instant litigation who initiated, supervised, or was otherwise involved in the

3

searches for records responsive to ADF's request. *Id.* ¶¶ 1-3. The second declaration is from Brittany Harrison, an attorney in the Associate Chief Counsel's Procedure and Administration Office. IRS's Mot. for Summ. J., Declaration of Brittany Harrison ¶ 1, ECF No. 25-4. Ms. Harrison's office "provides subject matter experts for disclosure and privilege matters" in, *inter alia*, FOIA litigation. *Id.* Ms. Harrison was responsible for determining which responsive records were exempt from disclosure. *Id.* ¶ 1. In addition, she was responsible for creating the sample *Vaughn* index ordered by the Court. *Id.* ¶¶ 4-11.

In its opposition, ADF does not challenge the IRS's withholdings pursuant to FOIA exemptions. *See* ADF's Mem. in Opp. to IRS Mot. for Summ. J. and Cross-Motion for Summ. J. ("ADF Opp.") at 1, ECF No. 26-1 (ADF "has chosen not to challenge the IRS's withholdings under 5 U.S.C. § 552(b)(5) asserted in the agency's limited *Vaughn* index"). Nor does ADF focus on the portions of its FOIA request seeking documents pertaining to "existing, proposed, new, or adopted procedures for tax inquiries" or "records related to new IRS policies referenced in the Freedom From Religion Foundation's July 14, 2014 press release." *See id.* Instead, ADF's opposition is focused on the sufficiency of IRS's search with respect to documents related to the § 7611 regulation, *see id.* at 2-3, arguing that the IRS's

4

search for such documents was unreasonably narrow in scope and that the IRS's declarations failed to adequately describe the agency's search methods, *id.* at 2-6. In particular, ADF asserts that the IRS only searched the records of employees "involved in the nuts and bolts of drafting, editing, and revising § 7611" – and that it should have also searched the records of "higher level IRS policymakers." *Id.* at 3. ADF further claims that the IRS's declarations are insufficient because they "provided almost no information about the actual searches it conducted, making it virtually impossible for ADF or the Court to evaluate the sufficiency of [the IRS's] search method." *Id.* at 4. For example, according to ADF, the declarations fail to provide information about the IRS's filing and record retention systems or the search terms used by the custodians in collecting responsive records. *Id.* at 5.

To cure these alleged deficiencies, the IRS attached a third declaration to its reply brief. *See* IRS Reply in Supp. Mot. for Summ. J. ("IRS Reply"), Declaration of Kirk Paxson ("Paxson Decl."), ECF No. 28-2. Mr. Kirk Paxson – Deputy Division Counsel in the Tax-Exempt and Governmental Entities ("TE/GE") Division – was responsible for facilitating the process of searching for responsive documents. Paxson Decl. ¶ 5. In his declaration, Mr. Paxson explained that a Tax Law Specialist in the IRS Office of Disclosure first identified

TE/GE as "the function in the Service most likely to have responsive documents because all matters relevant to tax-exempt organizations, including churches and religious organizations, fall within" that office's domain. *Id.* ¶ 4. Mr. Paxson then identified the employees involved in drafting the regulations and asked them to search their files for responsive records. *Id.* ¶¶ 4-5. Mr. Paxson also provided additional details regarding the searches for responsive documents, including the search terms used by the custodians and the universe of files searched. *See id.* ¶¶ 6-21.

Mr. Paxson further explained that records relevant to new and proposed regulations are maintained in accordance with the Chief Counsel Regulation Handbook located in the Chief Counsel Directives Manual ("CCDM"). *See* Paxson Decl. ¶¶ 8-9; *see also* CCDM 32.1, available at https://www.irs.gov/irm/ (last accessed September 12, 2017). The CCDM directs the drafting team responsible for a particular regulation to begin creating a "legal file . . . as soon as the regulation project is opened." CCDM 32.1.2.1. Each legal file should "contain ***all*** relevant documents and correspondences related to a regulation project." Paxson Decl. ¶ 9 (emphasis added). Mr. Paxson affirms that the § 7611 regulation file was searched in response to ADF's FOIA request. *Id.* ¶¶ 8-9.

ADF acknowledges that the IRS's reply memorandum and the Paxson Declaration "offer[] some clarification of [the IRS's] search methods." ADF's Reply in Supp. of ADF's Cross-Motion ("ADF Reply") at 1, ECF No. 30. As such, ADF submits that only one issue remains on summary judgment: the scope of the IRS's search. *Id.* Specifically, ADF contends that the IRS improperly limited its search to custodians located within the Office of the Chief Counsel. *Id.* at 1-2. According to ADF, the IRS should have also searched the records of IRS and Treasury "policymakers and leadership" who presumably have been involved in the "years-long process of revising this regulation." *Id.* This issue is ripe for the Court's consideration.

**II. LEGAL STANDARD**

FOIA requires that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). "To fulfill its disclosure obligations, an agency must conduct a comprehensive search tailored to the request and release any responsive material not protected by one of FOIA's enumerated exemptions." *Tushnet v. United States Immigration & Customs Enf't*, No. 1:15-CV-00907 (CRC), 2017 WL 1208397, at *4 (D.D.C. Mar. 31, 2017).

The "vast majority" of FOIA cases can be resolved on summary judgment. *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011). A court may grant summary judgment only if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Likewise, in ruling on cross-motions for summary judgment, the court shall grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed. *See Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 658 F. Supp. 2d 217, 224 (D.D.C. 2009) (citation omitted). Under FOIA, the underlying facts and inferences drawn from them are analyzed in the light most favorable to the FOIA requester, and summary judgment is appropriate only after the agency proves that it has fully discharged its FOIA obligations. *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1350 (D.C. Cir. 1983)).

When considering a motion for summary judgment under FOIA, the court must conduct a *de novo* review of the record. *See* 5 U.S.C. § 552(a)(4)(B). The court may grant summary judgment based on information provided in an agency's affidavits or declarations when they are "relatively detailed and non-conclusory," *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197,

1200 (D.C. Cir. 1991) (citation and internal quotation marks omitted), and "not controverted by either contrary evidence in the record nor by evidence of agency bad faith," *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (citation and internal quotation marks omitted). Such affidavits or declarations are "accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs.*, 926 F.2d 1197 at 1200 (citation omitted).

### III. ANALYSIS

The sole issue remaining for summary judgment is whether the scope of the IRS's search for records responsive to ADF's FOIA request was adequate. Specifically, the Court must decide whether the IRS's search of the paper files concerning the § 7611 regulation project and records of certain staff members in the Office of the Associate Chief Counsel was reasonably calculated to discover the documents requested by ADF pertaining to "proposed or adopted changes" to the § 7611 regulation.

Where a plaintiff challenges the adequacy of an agency's search, the question for the court is "'whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant.'" *Judicial Watch, Inc. v. United States Dep't of State*, 681 F. App'x 2, 4 (D.C. Cir. 2017) (quoting *SafeCard Servs.*, 926 F. 2d at 1201).

9

The adequacy of an agency's search is "measured by a 'standard of reasonableness' and is 'dependent upon the circumstances of the case.'" *Weisberg*, 705 F.2d at 1351(citations omitted). To meet its burden at summary judgment, an agency may provide "'a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials ... were searched.'" *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 313–14 (D.C. Cir. 2003) (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). Any factual assertions in such an affidavit will be accepted as true unless the requesting party submits affidavits or other documentary evidence contradicting those assertions. *Wilson v. U.S. Dep't of Transp.*, 730 F. Supp. 2d 140, 148 (D.D.C. 2010) (citing *Neal v. Kelly*, 963 F.2d 453, 456-57 (D.C. Cir. 1992)).

Here, the IRS has submitted three declarations in support of its motion for summary judgment.[1] These declarations list the names and positions of the custodians whose files were searched

---

[1] Although one of these declarations was attached to the IRS's reply memorandum in support of its motion for summary judgment, *see* Paxson Decl., the Court can "'rel[y] on supplemental declarations submitted with an agency's reply memorandum to cure deficiencies in previously submitted declarations'" where a plaintiff has not challenged the supplemental declaration. *See Walston v. United States Dep't of Def.*, 238 F. Supp. 3d 57, 64 (D.D.C. 2017) (citing *DeSilva v. U.S. Dep't of Housing and Urban Dev.*, 36 F. Supp. 3d 65, 72 (D.D.C. 2014)).

and explain the parameters of the search along with the search terms that were used. For example, the Paxson Declaration includes a separate paragraph for each of the eight custodians whose records were searched. Paxson Decl. ¶¶ 10-20. Each paragraph sets forth the folders or systems that the custodian searched and outlines the search terms that were used. *Id.*

ADF argues that the IRS's search for records was unduly narrow in scope. ADF asserts that the IRS's declarations make clear that the agency only searched the records of custodians who work in the Office of Associate Chief Counsel. ADF Reply at 1-2. According to ADF, the IRS should have also searched the records of "the IRS's policymakers and leadership." *Id.* at 2. ADF also points to the CCDM – which states that regulation files can only be opened with the approval of both the Associate Chief Counsel and Treasury – to argue that IRS should have searched Treasury files for relevant records. *Id.* As explained more fully below, neither argument renders the IRS's search inadequate.

First, the fact that the IRS only searched the files of custodians in the Office of Associate Chief Counsel for records relating to the § 7611 regulation does not render the IRS's search insufficient. Courts have consistently held that an agency is not required to search every record system for responsive records. *See, e.g.*, *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) ("There is no requirement that

11

an agency search every record system."); *Perry v. Block*, 684 F.2d 121, 128 (D.C. Cir. 1982)(agency need not demonstrate that all responsive documents were found and that no other relevant documents could possibly exist). While an agency "cannot limit its search to only one record system if there are others that are likely to turn up the information requested," it may so limit its search where it "explain[s] in its affidavit that no other record system [i]s likely to produce responsive documents." *Oglesby*, 920 F.2d at 68.

When faced with ADF's concern that additional documents may exist outside of the IRS Office of Associate Chief Counsel, the IRS explained in its affidavit that the IRS Office of Associate Chief Counsel is "***solely*** responsible for issuing published guidance, including regulations." IRS Reply at 3; Paxson Decl. ¶ 8. Moreover, as the CCDM makes clear, the Associate Office responsible for drafting the particular regulation is also responsible for creating a legal file that contains "***all*** documents related to the publication of the regulation." CCDM 32.1.2.1 (emphasis added). Here, because the § 7611 regulation fell within the jurisdiction assigned to the Associate Chief Counsel Office, TE/GE Division, that office was responsible for maintaining the legal file associated with that regulation. IRS Reply at 3; Paxson Decl. ¶¶ 8-9. Amy Giuliano, a Senior Technical Reviewer in the TE/GE Division Counsel/Associate Chief

12

Counsel office, is the custodian of the § 7611 regulation file, and she verified that the file was maintained in accordance with the directives set forth in the CCDM. Paxson Decl. ¶¶ 6, 10. Mr. Paxson avers that the "paper file contains all relevant documents and correspondence related to a regulation project" and therefore a search of the regulation file would "locate records responsive to ADF's FOIA request." Paxson Decl. ¶ 9.

Moreover, the IRS did more than simply search for documents within the legal file. In addition to providing the contents of the file for processing, Ms. Giuliano also searched Microsoft Outlook and Microsoft Word to verify that any responsive documents contained in those systems were duplicative of documents contained in the legal file. *Id.* ¶ 10. The IRS also searched the files of other personnel located within the Office of Chief Counsel, TE/GE Division, that were assigned to the § 7611 regulation project. *Id.* ¶ 11; *see also id.* ¶ 5 (explaining that he identified custodians who, based on his knowledge of the Freedom From Religion Foundation litigation and the revised regulations drafted under § 7611, he believed were "most likely to have documents responsive" to ADF's FOIA request). The identity of the individuals whose files were searched – and the parameters of those searches – are described in detail in the Paxson Declaration. *See id.* ¶¶ 11-21.

Second, ADF's amorphous claims that the IRS should have searched the files of unspecified policymakers does not render the IRS's search inadequate either. According to ADF, because Treasury's "authorization is required to even undertake a regulation revision project," the IRS should have searched the files of Treasury officials for responsive records. ADF Reply at 2. But any such files, if they exist, should be in the legal file, which must contain, *inter alia*, "briefing memoranda, briefing confirmation, [] Conference Reports," "IRS and Treasury memos, transmittal and policy memos, and internal comments" related to the regulation. CCDM 32.1.2.1. The fact that no such memoranda were found, absent some other compelling evidence that the documents exist or of bad faith on the part of the agency, "does not undermine the finding that the agency conducted a reasonable search for them." *Safecard Servs.*, 926 F.2d at 1201. Moreover, to the extent that ADF's contention that other custodians are likely to have responsive record rises beyond mere speculation, the Court finds that Mr. Paxson's attestation that he is "not aware of any other custodian or system of records likely to maintain records responsive to plaintiff's FOIA request," Paxson Decl. ¶ 22, to be sufficient.

In short, the Court is satisfied, based on the three detailed declarations submitted by the IRS, that the agency conducted an adequate search for responsive documents.

**IV. Conclusion**

For the foregoing reasons, the Court concludes that there is no genuine dispute of material fact as to the adequacy of the IRS's search for documents responsive to ADF's FOIA request. Accordingly, the IRS's motion for summary judgement is **GRANTED**, and ADF's cross-motion for summary judgment is **DENIED.** An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            September 27, 2017**